

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMORANDUM ENDORSED**

March 11, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/2022

**By ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: *United States v. Eric Spencer*, 21 Cr. 193 (GHW)**

Dear Judge Woods:

The Government respectfully writes to request that the Court issue an order permitting the U.S. Marshals Service (USMS), the Metropolitan Detention Center (MDC), the Federal Bureau of Investigation (FBI), and the New York City Police Department (NYPD)[1] to use force, if necessary, to execute a Rule 17(c) subpoena to take photographs of tattoos on the defendant's arms.

The defendant is currently detained at the MDC. Earlier today, the Government issued a subpoena seeking disclosure of any tattoos on the defendant's arms when the defendant appears for trial on March 22, 2022. The defense has indicated that it intends to move to quash the subpoena.

The Government seeks to photograph the defendant's arm tattoos to show that the tattoos match the arm tattoos depicted in a video that was posted to a particular Facebook account, which the Government seeks to prove belongs to the defendant. The video is significant because, among other things, the individual with the tattoos is wearing green sweatpants that resemble those worn by one robber during the February 2, 2021 robbery of the Chanel store in Soho, New York. More generally, the Facebook account on which the video appears is significant because it contains other evidence that the account holder participated in the robbery. Because the defendant refuses to agree to any stipulations, including as to his ownership of the Facebook account, his tattoos are key identity evidence in the Government's case-in-chief, and he should be required to disclose them.

As the courts in this District have repeatedly held, a subpoena compelling disclosure of such tattoos does not violate a defendant's Fourth or Fifth Amendment rights. Although the forced disclosure may constitute a Fourth Amendment search because the arms are not necessarily "constantly exposed to the public," the search is reasonable where limited parts of the body will be photographed, the photographing will happen in a private room with an attorney present, and the evidence sought bears directly on the case. *United States v. Meregildo*, 876 F. Supp. 2d 445, 451 (S.D.N.Y. 2012) (denying motion to quash grand jury subpoena requiring defendants to

[1] The case agents who will likely execute the warrant work for the FBI and NYPD.

disclose tattoos on arms and other parts of body for photographing); *see also United States v. Owens*, No. 16 CR 809 (VM), 2019 WL 4198450, at *1 (S.D.N.Y. Aug. 8, 2019) (same as to motion to quash trial subpoena).

Nor does the forced disclosure implicate the defendant's Fifth Amendment rights, as "subjecting [the defendant] to photographing of tattoos, that he voluntarily obtained, would not constitute compelled testimony." *Owens*, 2019 WL 4198450, at *1. As the Second Circuit has explained, "[t]he privilege does not protect a criminal suspect from being compelled to exhibit physical characteristics." *United States v. Greer*, 631 F.3d 608, 613 (2d Cir. 2011) (holding that a law enforcement officer could physically restrain a defendant in order to see, and later testify about, the defendant's tattoo and its incriminating implications without violating the Fifth Amendment).

The Government hopes that no force will be required but, given the defendant's indication that he will not comply with the subpoena, the Government respectfully requests that the Court issue the attached proposed order authorizing the USMS, the MDC, the FBI, and the NYPD to use reasonable force to ensure that the defendant's tattoos can be photographed.

The Government further seeks permission to use force to transport the defendant from MDC to the Daniel Patrick Moynihan Courthouse to photograph the tattoos, should that be required. Finally, the Government understands that if the Court issues the proposed order, the officers will not use force unless necessary.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

/s/
Jane Chong
Matthew Shahabian
Assistant United States Attorneys
(212) 637-2211

Defendant is directed to submit any opposition to this application no later than March 14, 2022. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 73.

SO ORDERED.

Dated: March 11, 2022
New York, New York

GREGORY H. WOODS
United States District Judge